This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Michele Gatt, appeals from the decision of the Medina County Court of Common Pleas, Domestic Relations Division. We affirm.
On May 10, 2001, Kurt Gatt filed a petition for a domestic violence civil protection order. The trial court granted Mr. Gatt an ex-parte
civil protection order on that same day. A full hearing on the petition was held on May 18, 2001. Following the hearing, the trial court granted Mr. Gatt a civil protection order. This appeal followed.
Ms. Gatt asserts one assignment of error:
 The Court erred in finding that the Respondent-Appellant had committed domestic violence; the finding of the Court is insufficient as is the evidence to support such a finding.
In her assignment of error, Ms. Gatt asserts that the trial court erred in granting Mr. Gatt a civil protection order because there was no evidence to support the granting of the order pursuant to R.C. 3113.31. We disagree.
The appropriate standard of review is whether the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case[.]" C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, syllabus. The issuance of a civil protection order is governed by R.C. 3113.31. In order to grant a request for a civil protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that such petitioner is in danger of domestic violence. Lavery v. Lavery (Dec. 5, 2001), Summit App. No. 20616, unreported, at 3, citing Felton v. Felton
(1997), 79 Ohio St.3d 34, paragraph two of the syllabus.
R.C. 3113.31(A)(1)(b) provides that "domestic violence" includes "[p]lacing another person by the threat of force in fear of imminent serious physical harm[.]" "Threats of violence constitute domestic violence for the purposes of R.C. 3113.31 if the fear resulting from those threats is reasonable." Lavery, supra, at 4. The reasonableness of the fear should be determined with reference to the history between the petitioner and the respondent. Eichenberger v. Eichenberger (1992),82 Ohio App.3d 809, 816.
In the present case, Ms. Gatt argues that there was no evidence presented to substantiate the granting of the civil protection order. At the hearing, Mr. Gatt testified that he resides in Medina County with his five children. He testified that Ms. Gatt, who moved out of the house in December of 1999, threatened him over the phone. He related that Ms. Gatt told him that "[w]ith the kind of money [Ms. Gatt's] mom and dad have, [Ms. Gatt] can make [Mr. Gatt] disappear." Mr. Gatt stated that he felt that his life was in danger due to the threat and explained that he knew Ms. Gatt's parents well enough to know that they would have given their daughter money if she had requested it. He testified that, the day after the threat was made, he went to the trial court for a protection order. He also testified that he did not feel the immediate need to call the police because Ms. Gatt was living in Florida with her parents at the time.
At the hearing, Ms. Gatt testified that, on the day in question, she had phoned her daughter Courtney. She stated that Mr. Gatt took the phone receiver from Courtney and began to converse with her in an argumentative and threatening manner. She stated that she did not threaten Mr. Gatt. When asked, she testified that she had not been aware that her daughter had been listening to the phone conversation.
Courtney, who was fifteen years old, testified that, while she loved her father and wanted to live with him because he had been taking care of her and her siblings after her mother moved out, she would not lie for her father. Courtney testified that her mother phoned her on the day that the alleged threat occurred. She stated that she had been upset with regard to her parent's separation agreement and that, after her father had taken the phone to talk with her mother, she went into another room to listen to their conversation over another phone. She then stated that, when her parents began to argue, her mother reacted by threatening to have her father killed.
After reviewing the record, we find that the granting of the civil protection order was supported by competent and credible evidence. Mr. Gatt demonstrated a danger of domestic violence by showing that Ms. Gatt's threat to end his life placed him in fear of imminent serious physical harm. He explained the reasonableness of his fear by describing the history between Ms. Gatt and himself relating to their separation and his knowledge of Ms. Gatt's relationship with her parents. Although Ms. Gatt denied Mr. Gatt's allegations, it was corroborated by their daughter Courtney. Futhermore, issues of credibility are primarily questions for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Accordingly, Ms. Gatt's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR